IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL J. MATTHEWS,

          Plaintiff,

v.

J. TAYLOR, et al.,

          Defendants.

Case No. 2:16-cv-01958-SB

ORDER

HERNÁNDEZ, District Judge:

Plaintiff, an inmate at the Eastern Oregon Correctional Institution (EOCI), brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court are Plaintiff's Motions to Amend and for a Preliminary Injunction (ECF Nos. 9 and 16).

**BACKGROUND**

Plaintiff filed his original Complaint on October 6, 2016, alleging that Defendants violated his First, Fifth, Eighth, and Fourteenth Amendment rights by denying him adequate mental health care, subjecting him to excessive force, refusing to properly process his grievances, mishandling his mail, and subjecting him to harassment and retaliation. Compl. (ECF No. 2) at 45. On December 21,

1 - ORDER

2016, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*, denied his Motion for Appointment of Counsel, and sought waiver of service from the Defendants. Orders (ECF No. 5, 6, and 7). On January 19, 2017, the Court granted Defendants' motion to extend the time to file a waiver of service to February 22, 2017. Order (ECF No. 12). Consequently, as of this date, Defendants have not been served or waived service of process.

## DISCUSSION

### I. Motion to Amend

Plaintiff moves to file an Amended Complaint to (1) add as Defendants the Oregon Department of Corrections (ODOC) and several of its supervisory officials; (2) add several factual allegations; and (3) "adjust slightly" his legal claims and prayer for relief. Mot. to Am. (ECF No. 9) at 2.

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), a plaintiff may amend his complaint once as a matter of course within twenty-one days after serving it. Because Defendants have yet to be served or waive service, this Court grants Plaintiff's Motion to Amend. The Clerk of the Court is directed to detach Plaintiff's Proposed Amended Complaint from his Motion and file it in the Court record.

### II. Order Dismissing Amended Complaint in Part

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a

plausible inference that the defendants violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). Plaintiff is proceeding *pro se*, and therefore this Court construes the pleadings liberally and affords Plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In his Amended Complaint, Plaintiff adds several supervisory officials as Defendants. However, Plaintiff fails to set forth any facts to support a reasonable inference that the Defendants were personally involved in the violation of Plaintiff's constitutional rights. It is well settled that a defendant is not vicariously liable under § 1983 for the conduct of his or her employees. *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 691-94 (1978). Accordingly, the Amended Complaint is dismissed as to Collette Peters, Elizabeth Craig, Kim Brockamp, Mitch Morrow, Birdie Janet Worley, Brian Belleque, and Adrian O'Connor. Additionally, the Amended Complaint is dismissed as to ODOC on the basis of sovereign immunity. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (absent a clear and unequivocal waiver, the Eleventh Amendment bars suit in federal court against either a state or an agency acting under its control).

///

///

### III. <u>Motion for Preliminary Injunction</u>

Plaintiff moves for a preliminary injunction ordering Defendants to (1) provide him a mental health evaluation and care by a "hired state licensed psychiatrist;" (2) commence an "audit" of the prison's grievance processes and to accept and investigate his grievances; (3) commence an "audit" of the EOCI mailroom staff and order them to deliver his mail immediately; (4) commence an "audit" of EOCI's "mental health care infrastructure, grievance system infrastructure, mailroom arbitrations, and segregation staff training and general rule updates and/or policy changes from May 16, 2012 to present;" and (5) stop any harassment or retaliation by correctional officials. Mot. for Prelim. Inj. (ECF No. 16) at 1-2.

A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tip in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015); *Assoc. des Eleveurs de Canards et d'oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013). "A preliminary injunction can also be issued if a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor, as well as satisfaction of the other *Winter* factors." *Nat'l Inst. of Family and Life Advocates v. Harris*, 839 F.3d 823, 834 (9th Cir. 2016) (internal quotations omitted). If the plaintiff fails to demonstrate a likelihood of success on the merits, or serious questions going to the merits, the Court need not address the remaining factors. *Id.* at 845, n.11; *Garcia*, 786 F.3d at 740. Where, as here, the plaintiff seeks a mandatory injunction which goes beyond maintaining the *status quo*, he must demonstrate that the facts and law clearly favor an injunction. *Garcia*, 786 F.3d at 740; *see also Am. Freedom*

4 - ORDER

*Def. Initiative v. King Cty.*, 796 F.3d 1165, 1173 (9th Cir. 2015) (mandatory injunctions are disfavored and will not be entered in doubtful cases).

Plaintiff's primary contentions are that Defendants denied him adequate mental health care, subjected him to excessive force in response to his suicide attempt, failed to properly process his grievances and deliver his mail, and subjected him to harassment and retaliation. For the reasons set forth below, Plaintiff has failed to demonstrate that he is likely to succeed on the merits of these claims, or that there are serious questions going to the merits.

First, although Plaintiff alleges that Defendants denied him adequate mental health care, it appears from the face of Plaintiff's lengthy Amended Complaint that he has received mental health care over the course of several years, but simply disagrees with the staff's diagnoses and course of treatment. It is well settled that a difference of opinion between a physician and a prisoner concerning what medical care is appropriate does not amount to deliberate indifference to support an Eighth Amendment violation. *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014). Further, although the prolix nature of Plaintiff's Amended Complaint makes it difficult to consider the potential merit of his remaining claims, it does not appear to the Court that Plaintiff is likely to succeed or that there are serious questions going to the merits.

Plaintiff also has failed to demonstrate that he will suffer irreparable injury in the absence of injunctive relief, or that the balance of hardships tip in his favor. As noted above, it appears from the face of the Amended Complaint that Plaintiff is receiving some mental health care. Further, the Court notes that although Plaintiff alleges that Defendants responded with excessive force to his attempted suicide, this incident occurred in 2014 and Plaintiff does not allege that he currently is in physical danger. *See* Am. Compl. at 7-9. Plaintiff does not allege how he would be harmed if

injunctive relief is not granted with respect to his claims that Defendants have refused to process his grievances, mishandled his mail, or engaged in harassment or retaliation. Accordingly, and in light of the fact that Plaintiff seeks sweeping injunctive relief which goes far beyond maintaining the *status quo*, the Court concludes that Plaintiff has failed to make the necessary showing to warrant injunctive relief.

## CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's Motion to Amend (ECF No. 9). The Clerk of the Court is directed to detach Plaintiff's Proposed Amended Complaint from his motion and file it in the court record. The Court DISMISSES Plaintiff's Amended Complaint as to Defendants Collette Peters, Elizabeth Craig, Kim Brockamp, Mitch Morrow, Birdie Janet Worley, Brian Belleque, Adrian O'Connor, and the ODOC. Finally, the Court DENIES Plaintiff's Motion for Preliminary Injunction (ECF No. 16).

IT IS SO ORDERED.

DATED this 13th day of February, 2017.

Marco A. Hernández
United States District Judge