IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL J. MATTHEWS,

                      Plaintiff,

      v.

J. TAYLOR, et al.,

                      Defendants.

Case No. 2:16-cv-01958-SB

ORDER

HERNÁNDEZ, District Judge:

Plaintiff, an inmate at the Eastern Oregon Correctional Institution (EOCI), brings this civil rights action pursuant to 42 U.S.C. § 1983. On February 13, 2017, this Court dismissed Plaintiff's Amended Complaint, in part, on the basis that Plaintiff failed to allege facts giving rise to a reasonable inference that several of the Defendants were personally involved in the constitutional violations. Order (ECF No. 21) at 3. Plaintiff was advised that supervisory officials are not vicariously liability under § 1983 for the conduct of their employees. *Id.* Additionally, this Court denied Plaintiff's Motion for a Preliminary Injunction on the basis that he failed to demonstrate (1) a likelihood of success on the merits, or serious questions going to the merits, because a

1 - ORDER

disagreement with medical officials concerning his course of treatment does not give rise to an Eighth Amendment violation; and (2) that he would suffer irreparable harm because it appears from the face of his Amended Complaint that he is receiving mental health care and he does not allege that he *currently* is in physical danger or in segregation housing (which allegedly contributes to self-harm). *Id.* at 5. Plaintiff objects to both rulings pursuant to Fed. R. Civ. P. 72. *See* Pl.'s Obj. to Magistrate's Release of Defs. on Am. Compl. and Denial of Prelim. Inj. (ECF No. 28).

Because the challenged Order was not issued by a magistrate judge, the objection is DENIED. Further, this Court adheres to its dismissal of Plaintiff's Amended Complaint, in part, on the basis that he failed to allege facts giving rise to a reasonable inference that Defendants Collette Peters, Elizabeth Craig, Kim Brockamp, Mitch Morrow, Birdie Janet Worley, Brian Belleque, and Adrian O'Connor were personally involved in the alleged constitutional violations. *See Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (holding that a district court "may properly reconsider its decision if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.") (internal quotations omitted).

Additionally, this Court has considered Plaintiff's Supplemental Brief (ECF No.27) and adheres to its decision denying Plaintiff's Motion for Preliminary Injunction seeking to compel Defendants to (1) provide him a mental health evaluation and care by a "hired state licensed psychiatrist;" (2) commence an "audit" of the prison's grievance processes and to accept and investigate his grievances; (3) commence an "audit" of the EOCI mailroom staff and order them to deliver his mail immediately; (4) commence an "audit" of EOCI's "mental health care infrastructure, grievance system infrastructure, mailroom arbitrations, and segregation staff training and general rule

updates and/or policy changes from May 16, 2012 to present;" and (5) stop any harassment or retaliation by correctional officials." Mot. for Prelim. Inj. (ECF No. 16) at 1-2; Order at 4. Although Plaintiff alleges that he suffers from long-term mental health problems, it appears that he is receiving mental health care treatment and he has not presented evidence that he currently is in physical danger from himself or Defendants. The Court notes that Plaintiff's prior attempts at self-harm have occurred while he is in segregated housing and Plaintiff does not allege that he currently is in segregated housing.

Finally, with respect to Plaintiff's objection to the Court's Order granting Defendants' request to inspect and copy Plaintiff's medical and mental health records (*see* Order (ECF No. 24)), this Court adheres to its decision because Plaintiff has waived any claim to medical privilege by filing this civil rights action challenging his mental health care. *Voth v. Laney*, 2:16-cv-00779-AC, 2016 WL 8677345, at *4 (D. Or. Dec. 2, 2016); *Williams v. Or. Dep't of Corr.*, No. 3:10-cv-00730-SI, 2012 WL 10620, at *10 (D. Or. Jan. 3, 2012).

## CONCLUSION

Based on the foregoing, Plaintiff's Objection to Magistrate Judge's Release of Defendants on Amended Complaint and Denial of Preliminary Injunction (ECF No. 28) is DENIED. Plaintiff is advised that if he is placed in segregated housing he may renew his request for injunctive relief.

IT IS SO ORDERED.

DATED this 19 day of April, 2017.

_____
Marco A. Hernández
United States District Judge

3 - ORDER