IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL J. MATTHEWS,

        Plaintiff,

v.

J. TAYLOR, et al.,

        Defendants.

Case No. 2:16-cv-01958-SB

**ORDER**

HERNÁNDEZ, District Judge:

Plaintiff, an inmate at the Eastern Oregon Correctional Institution (EOCI), brings this civil rights action complaining that Defendants violated his First, Fifth, Eighth, and Fourteenth Amendment rights by denying him adequate mental health care, subjecting him to excessive force, refusing properly to process his grievances, mishandling his mail, and subjecting him to harassment and retaliation. *See* Pl.'s Am. Compl. (ECF No. 23) at ¶ 280. Currently before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 72). For the reasons set forth below, this Court denies the Motion.

///

1 - ORDER

## STANDARDS

"A party seeking a preliminary injunction must meet one of two variants of the same standard." *All. for the Wild Rockies v. Pena*, No. 16-35856, 2017 WL 3259670, at *3 (9th Cir. Aug. 1, 2017). Under the original standard, a plaintiff must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tip in his favor; and (4) an injunction is in the public interest. *Id.; Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015); *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013). Alternately, if a plaintiff can demonstrate only that there are serious questions going to the merits (a lesser showing than a likelihood of success on the merits), a preliminary injunction still may issue if the balance of hardships tips sharply in the plaintiff's favor and he demonstrates irreparable harm and that the injunction is in the public interest. *All. for the Wild Rockies*, 2017 WL 3259670, at *3; *Nat'l Inst. of Family and Life Advocates v. Harris*, 839 F.3d 823, 834 (9th Cir. 2016), *pet. for cert. filed* (Mar. 21, 2017).

A party moving for a preliminary injunction must establish a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the complaint. *Voth v. Laney*, No. 2:16-cv-00779-AC, 2016 WL 8677345, at *3 (D. Or. Dec. 2, 2016); *see Pasha v. McCarthy*, 936 F.2d 579, 579 n.1 (9th Cir. 1991) (finding sufficient nexus between the plaintiff's claim that the defendants denied him access to the courts and allegations in his motion that the defendants were retaliating against him for filing the current action and to impede his ability to prosecute it). Pursuant to Federal Rule of Civil Procedure 65(d), an injunction binds only the parties to the action, their officers, agents, servants, employees, and attorneys, and other persons in active concert or

participation with them. *Zepeda v. U.S. Immigration and Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

## DISCUSSION

Plaintiff moves for a preliminary injunction to "stop EOCI staff from harassing and searching Plaintiff, and from moving his bunks and housing units in retaliation." Pl.'s Mot. for Prelim. Inj. at 1. Plaintiff alleges that Lieutenant Tackett ordered seven cell searches in the last three months and that personal items have been damaged by staff during the course of the searches. *Id.* Additionally, Plaintiff alleges that several "incentive moves" were delayed and that Assignment Lieutenant Carey and Correctional Officer Wing[1] have ordered three "inconvenience moves" in the last five to six weeks. *Id.* at 1-2. Plaintiff alleges that the cell moves exacerbated his PTSD and insomnia, and he fears that Carey is planning to send him to segregation. *Id.*; Pl.'s Suppl. Mot. and Decl. at 13, 15. Plaintiff alleges that the actions of Tackett, Carey, and Wing (none of whom is a defendant) were in retaliation for his "recent filings in his legal cases." Pl.'s Mot. for Prelim. Inj. at 1.

Assuming that there is a sufficient connection between the claims set forth in Plaintiff's Amended Complaint and the allegations of retaliation set forth in his Motion for Preliminary Injunction, this Court concludes that Plaintiff has failed to demonstrate a likelihood of success on the merits of a retaliation claim against Tackett, Carey, or Wing, or that there are serious questions going to the merits.

In order to prevail on a retaliation claim, Plaintiff must allege and prove that Tackett, Carey, or Wing (1) subjected him to abusive cell moves and searches and denied his requests for incentive

---

[1] Plaintiff's handwriting is difficult to decipher and the Court therefore is unsure of the correct spelling of this correctional officer's name.

transfers because of his court filings; and (2) that the retaliatory action did not advance legitimate penological goals or was not narrowly tailored to achieve those goals. *Shepard v. Quillen*, 840 F.3d 686, 688-89 (9th Cir. 2016); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Mere speculation that they acted out of retaliation does not suffice. *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).

Plaintiff has offered no evidence of a causal connection between his court filings and the alleged conduct by Tackett, Carey, or Wing.[2] Assignment Lieutenant Carey, in contrast, states in his Declaration that "[u]ntil recently [he] was unaware that there was a lawsuit pending," and he denied Plaintiff's request for cell moves "due to [Plaintiff's] lack of clear conduct and/or the moves did not meet the needs of the institution." Decl. of Jeff Carey (ECF No. 86) at 3. Additionally, Legal Information Officer Jackie Peek declares that many inmates were searched "at least twice if not three times during [the relevant] time period," and that "[t]he units that [Plaintiff] was housed on have been searched several times over the past few months due to concerns about contraband." Decl. of Jackie Peek (ECF No. 85) at 2-3. The "Shakedown Reports" and "Daily Housing Unit Cell Search Sheets" offered by the parties reveal that correctional officials seized contraband from Plaintiff's cell during the majority of the searches in question. *See* Peek Decl. at 2 & Attach. 1 at 13, 26, & 54; Pl.'s Suppl. Mot. and Decl., Attachs. 13-15, 17-20.

Hence, regardless of the dispute concerning the number of times Plaintiff's cell was searched between May 2017 and July 17, 2017,[3] Plaintiff has failed to demonstrate a causal connection

---

[2] Inmate Loren C. Tarabochia's Declaration (ECF No. 96), concerning alleged retaliation by correctional officials not involved in this case is not relevant to Plaintiff's claim that Carey, Tackett, or Wing retaliated against him in response to his court filings.

[3] In Peek's Declaration, she states that Plaintiff's cell was searched three times between May 17, 2017 and July 17, 2017. Peek Decl. at 2, Attach. 1 at 13, 26, & 54. Plaintiff, in contrast,
(continued...)

between his protected conduct and the correctional officers' actions. Further, Carey and Peck have offered legitimate penological reasons for the challenged actions. *See Pratt*, 65 F.3d at 807 (holding that courts must evaluate retaliation claim with appropriate deference and flexibility to prison officials' proffered legitimate penological reasons for challenged conduct). Plaintiff therefore has failed to demonstrate a likelihood of success on the merits of a retaliation claim, or that there are serious questions going to the merits. This Court concludes for the same reasons, and particularly given the evidence that contraband was seized repeatedly from Plaintiff's cell, that the issuance of an injunction is in the public interest.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for a Preliminary Injunction (ECF No. 72) is DENIED.

IT IS SO ORDERED.

DATED this **15** day of September, 2017.

*Marco Hernández*
Marco A. Hernández
United States District Judge

---

[3](...continued)
offers evidence that his cell was searched an additional six times during that time period. Pl.'s Suppl. Mot. and Decl. at 2-4, 6-9 & Attachs. 13-20.