IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DANIEL J. MATTHEWS,

          Plaintiff,

        v.

CAPTAIN J. FRAZIER, THOMAS
LEMENS, BRIGITTE AMSBERRY,
CURTIS ULRICH, YESENIA RANGEL,
GREG CLARK, JAMES GALLINO, STEVE
BRUNING, KIMBERLY CARRIER,
GREGORY CARLSON, MATTHEW
KEYSER, and TRINA N. WHITAKER,

          Defendants.

Case No. 2:16-cv-01958-SB

**OPINION AND ORDER**

---

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Daniel Matthews, a self-represented individual in custody, filed this civil rights

action in October 2016 against defendants affiliated with the Eastern Oregon Correctional

Institution ("EOCI"). The parties have consented to the jurisdiction of the undersigned U.S.

Magistrate Judge for all proceedings in this case (ECF No. 183). The Court addresses several

pending motions herein.

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND

### A. Procedural History Relating to Matthews' Second Amended Complaint

In April 2018, this Court recommended that the district judge dismiss all of Matthews' claims with prejudice, on the ground that Matthews had failed to exhaust his claims, and failed to state a claim with respect to his fully-exhausted claims. (ECF No. 119.) The district judge adopted that recommendation in part, and dismissed all claims against the named defendants with prejudice. (ECF No. 130.) However, the district judge did not dismiss Matthews' claims against the unnamed "John Doe" defendants" (two EOCI correctional officers "who responded to Matthews's self-harm attempts with gratuitous and pre-emptive levels of force" (Am. Compl. ¶ 130), and the Officer in Charge of EOCI's Disciplinary Segregation Unit in January 2014) or unnamed "Mailroom Staff" defendants, because Matthews had not had an opportunity to identify those defendants by name and therefore the Court could not determine if Matthews had exhausted his claims. (*Id.*) Only Matthews' claims against the three John Doe defendants and his claims against the "Mailroom Staff" are still at issue in this litigation.

At a motions hearing on June 17, 2019, the Court granted Matthews' motion to substitute the "John Doe" and "Mailroom Staff" defendants with the names of individual defendants whom Matthews had identified during discovery. (ECF No. 151.) Thereafter, the Court entered a Notice of Lawsuit and Request for Waiver of Service, noting the names of the newly-named defendants, and attached a copy of Matthews' previously-filed amended complaint. (ECF No. 160.) The newly-named defendants (hereinafter referred to as "Defendants") waived service. (ECF No. 163.) Defendants moved to dismiss the second amended complaint. (ECF No. 179.)

///

///

///

**B.      Procedural History Relating to Matthews' Motions to Compel Discovery and Motions for Sanctions**

At the June 17, 2019 hearing, the Court ordered Defendants to file a supplemental response to Matthews' pending discovery motions, explaining why EOCI did not retain video footage or staff logs from the January 2014 incident at issue in this case. (ECF No. 151.) The Court allowed Defendants to file their supplemental response *ex parte* due to the sensitive institutional security information contained therein, and Defendants timely filed an *ex parte* supplemental response with supporting declarations on July 9, 2019. (ECF No. 155.) The filings would not have appeared on Matthews' version of the docket, and he was not served with copies of the materials because they were filed *ex parte*. After reviewing the *ex parte* materials and ruling on Matthews' discovery motions, the Court ordered Defendants to file a redacted copy of their supplemental response and to file two of the three declarations (Jacky Withem and Ron Miles) submitted therewith:

> Based upon its *in camera* review of the sealed materials submitted by Defendants, the Court has determined that the declaration filed by EOCI's Operations Captain [Jason Walker] should remain under seal because it contains sensitive information relating to prison security. However, one section of Defendants' Supplemental Response could be filed on the public docket ("Item #8"), as well as the declarations of EOCI's Executive Assistant to the Superintendent and DOJ's Paralegal. Therefore, the Court orders Defendants to file the two declarations and a redacted copy of their Supplemental Response by September 20, 2019, or file a written explanation as to why those materials should remain under seal.

(Sept. 13, 2019 Order at 6.)

In their response to the Court's order, Defendants explained that they were submitting "for the Court's review" redacted versions of the supplemental response (ECF No. 171) and a

redacted version of Jason Walker's declaration (ECF No. 172),[1] but they did not file the Jacky Withem or Ron Miles declarations. (ECF No. 169.) Instead, they explained that unredacted copies of those declarations should be produced to Matthews (instead of filed in compliance with the Court's Order). (ECF No. 169.)

## DISCUSSION

In response to the events described above, Matthews filed a series of motions and Defendants filed a motion to dismiss Matthews' second amended complaint. Following a November 14, 2019 hearing on the pending motions, the Court enters its rulings herein.

### I.       Matthews' Second Amended Complaint

In response to the district judge's opinion allowing Matthews to proceed on his allegations against the unidentified "John Doe" and "Mailroom Staff" defendants, the Court allowed Matthews to conduct discovery to identify the unnamed defendants referenced in his original and amended complaints. Matthews moved to substitute several individuals in place of the unnamed defendants (ECF No. 149), and the Court granted the motion (ECF No. 151).

As discussed at the June 17, 2019, hearing on Matthews' motion, the Court's view of the substitution of parties was that the named parties would be substituted for the "John Doe" and "Mailroom Staff" placeholders in Matthews' already-filed amended complaint. Thus, the Court directed the Notice of Request for Waiver of Service to the newly-named defendants, and attached a copy of Matthews' amended complaint. The Court did not order Matthews to file a second amended complaint, but instead referred to his amended complaint, now naming the substituted defendants, as the second amended complaint.

---

[1] It is unclear if Defendants believed they filed those materials *ex parte*, but Defendants filed the materials on the public docket and the materials were therefore available to Matthews, mooting any need for the Court's review prior to production.

Defendants have now moved to dismiss the second amended complaint, on the ground that it is identical to the amended complaint and because Matthews has not substituted the newly-named defendants in place of the "John Doe" and "Mailroom Staff" defendants. (ECF No. 179.) In response, Matthews filed a motion requesting leave to file an amended complaint (ECF No. 185), a motion for an extension of time to file an amended complaint (ECF No. 186), and a motion for appointment of counsel (ECF No. 184).

It appears that counsel for Defendants did not recall the discussion at the June 17, 2019 hearing that the Court would not require Matthews to file a second amended complaint. Instead, the Court allowed Matthews to move forward with his amended complaint, with the newly-named defendants substituted for the "John Doe" and "Mailroom Staff" defendants. In light of the fact that the Court allowed Matthews to proceed in that manner, the Court denies Defendants' motion to dismiss (ECF No. 179).

To avoid further confusion, the Court will allow Matthews to file a third amended complaint. The Court has already dismissed with prejudice Matthews' claims against all defendants named in his original and amended complaints, and therefore Matthews may not include any claims against those defendants in his third amended complaint. Rather, Matthews may only state claims against the three "John Doe" defendants and the "Mailroom Staff" defendants referenced in his earlier complaints and identified during discovery. Matthews shall not include any allegations that are not relevant to the newly-identified defendants, nor may he include any allegations that are not relevant to the January 14, 2017 incident or his mailroom complaints referenced in his original and amended complaints.

The Court denies Matthews' motion for appointment of counsel (ECF No. 184), as Matthews has demonstrated a sufficient ability to articulate his claims and there are no exceptional circumstances warranting the appointment of counsel at this time.

## II.     Matthews' Discovery Motions and Motions for Sanctions

After Defendants filed their response to the Court's September 13, 2019 Order (ECF No. 169), Matthews filed a motion for sanctions (ECF No. 173), motion for defense to show cause (ECF No. 174), motion to hold defense in contempt of court (ECF No. 175), motion to compel (ECF No. 176), and motion to strike Defendants' motion to strike their supplemental response and Declaration of Jacky Withem (ECF No. 177). In summary, Matthews challenges Defendants' *ex parte* submission to the Court and Defendants' failure to file or serve the *ex parte* materials in response to the Court's September 13, 2019 Order. In their omnibus response to Matthews' first round of motions (ECF No. 182), Defendants explained that they were awaiting the Court's guidance regarding the production of the redacted supplemental response and redacted Jason Walker declaration, and that they would produce the Withem and Miles declarations to Matthews "today." (ECF No. 182.)

Following Defendants' filing of the motion to dismiss, Matthews filed a series of additional motions relating to the same discovery issues, including a motion to strike Defendants' supplemental response (ECF No. 187), motion for status conference and motion to strike (ECF No. 188), motion for reconsideration of the Court's order (ECF No. 189), motion for sanctions (ECF No. 190), motion to hold defense in contempt/remove defense counsel/appointment special investigator (ECF No. 191), and motion to compel (ECF No. 192). Due to the volume of motions filed on the same date, the Court stayed Defendants' deadlines to

respond to the motions pending a hearing (ECF No. 193). The Court held a telephonic hearing on the pending motions on November 14, 2019 (ECF No. 195).

The confusion plaguing this case appears to have begun when the Court allowed Defendants to file an *ex parte* supplemental response to Matthews' discovery motions. Matthews was not privy to the date or content of those filings, until the Court ordered Defendants to file publicly a redacted version of the supplemental response and two of the three declarations. It appears from Defendants' response to that order (ECF No. 169), that Defendants did not read the entirety of the Court's 7-page September 13, 2019 order (ECF No. 168), but perhaps only read the summary minute order attaching the 7-page order. For example, (a) Defendants proposed producing the Withem and Miles declarations to Matthews, even though the Court had already ordered Defendants to file unredacted versions of those declarations, or explain why those materials should remain under seal; (b) Defendants stated that the Court "did not address the Declaration of Walker" in its order, when in fact the Court did address the Walker declaration and did not require Defendants to file a copy of the declaration, but Defendants filed a redacted copy; and (c) Defendants represented that they were submitting redacted copies of the supplemental response and the Walker declaration for the Court's review before producing to Matthews, but Defendants publicly filed the materials and therefore Matthews necessarily received a copy. As a result of this misunderstanding, Defendants never filed (and apparently never served) the Withem and Miles declarations, and Defendants' proposed redactions of the supplemental response and Walker declaration were inconsistent with the Court's instructions in its order, which did not require Defendants to file the Walker declaration and envisioned the filing of the supplemental response with more extensive redactions. Thus, Matthews did not

timely receive the Withem and Miles declarations, and the Court never approved the proposed redactions to the supplemental response and Walker declaration.

In light of the confusion identified herein, the Court understands Matthews' frustration and his perception that Defendants are playing games. However, having carefully reviewed all of the parties' recent filings, it is apparent that Defendants did not realize there was a 7-page written order attached to the September 13, 2019 docket entry. Defendants made a mistake, and the confusion that followed was not the result of any bad faith. Accordingly, Defendants have not engaged in any sanctionable conduct.

With respect to the merits of Matthews' allegations regarding spoliation of video evidence regarding the January 2014 incident at issue, the Court relies on its prior conclusion that "EOCI's failure to retain the [2014] video footage was consistent with its standard policies and procedures, and was not done with a culpable state of mind or in response to this litigation." (Sept. 13, 2019 Order at 5.) At the November 14, 2019 hearing, Defendants agreed to produce photographs of the cell at issue in the January 2014 incident by December 16, 2019. Pending Matthews' filing of his third amended complaint, and resolution of Defendants' response thereto, the Court stays any further discovery.[2]

## CONCLUSION

For the reasons set forth above, the Court:

(i)     DENIES Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 179);

---

[2] The Court also suggested at the hearing that Defendants identify additional evidence that might assure Matthews that Defendants have been transparent with respect to EOCI's preservation policies, but the Court does not require any additional production at this time.

(ii)     GRANTS Matthews' Motion for Leave to File an Amended Complaint (ECF No. 185) and Motion for an Extension of Time to File an Amended Complaint (ECF No. 186), and ORDERS Matthews to file his Third Amended Complaint on or before December 23, 2019;

(iii)    GRANTS IN PART Matthews' Motions to Compel/Produce (ECF Nos. 176 and 192), and ORDERS Defendants to file unredacted versions of the Declaration of Jacky Withem and the Declaration of Ron Miles by November 27, 2019;

(iv)     DENIES Matthews' Motion to Sanction the Defense (ECF No. 173), Motion for Order for Defense to Show Cause (ECF No. 174), Motion for Order to Hold Defense in Contempt of Court (ECF No. 175), Motion to Strike Supplemental Response and Declaration (ECF No. 177), Motion for Appointment of Counsel (ECF No. 184), Motion to Strike Supplemental Response and Declaration of Jason Walker (ECF No. 187), Motion for Status Conference and Motion to Strike (ECF No. 188), Motion for Reconsideration of Order 168 (ECF No. 189), Motion for Sanctions (ECF No. 190), and Motion to Hold Defense in Contempt/Remove Defense Counsel/Appoint Special Investigator (ECF No. 191); and

(v)      STAYS any further discovery until Matthews files his third amended complaint, and the Court resolves Defendants' response thereto.

**IT IS SO ORDERED.**

DATED this 25th day of November, 2019.

STACIE F. BECKERMAN
United States Magistrate Judge