IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL J. MATTHEWS,                                    Case No. 2:16-cv-01958-SB

                            Plaintiff,                 **OPINION AND ORDER**

                v.

CURTIS ULRICH, et al.,

                            Defendants.

---

**BECKERMAN, U.S. Magistrate Judge.**

Daniel J. Matthews ("Matthews"), a self-represented litigant in custody at the Eastern

Oregon Correctional Institution ("EOCI"), filed this action alleging that the above-named

Oregon Department of Corrections ("ODOC") personnel (hereinafter, "Defendants") violated his

constitutional rights by mishandling his mail.[1] (ECF No. 200.) Currently before the Court is

Defendants' Motion for Summary Judgment. (ECF No. 203.)

///

---

[1] The Court previously entered summary judgment on Matthews' claims alleging
excessive force in response to a self-harm incident that occurred in January 2014, and does not
revisit that opinion herein. *See Matthews v. Taylor*, 2:16-cv-01958-SB, 2018 WL 4441524 (D.
Or. Apr. 24, 2018), *adopted in relevant part by* 2018 WL 4431318 (D. Or. Sept. 17, 2018).

PAGE 1 – OPINION AND ORDER

The Court has jurisdiction over Matthews' claims pursuant to 28 U.S.C. § 1331, and all parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636. For the reasons set forth below, this Court grants Defendants' motion for summary judgment.

## BACKGROUND

Matthews alleges a pattern of interference with his personal mail beginning in 2015, and asserts that Defendants interfered with his mail in retaliation for his filing of grievances relating to a January 2014 self-harm incident. (Third Am. Compl. ("TAC") ¶ 21.) Specifically, Matthews alleges that he sent a letter to the Oregon Supreme Court asking for recent opinions in excessive force cases, and a letter to a business about education, and did not receive return mail from either entity. (TAC ¶ 22.) Matthews alleges that he did not receive a "personal letter" from a friend containing her declaration in March 2016, and did not receive a book another friend claimed he sent in April 2016. (TAC ¶ 23.) Matthews also alleges that in August 2016, a friend's letter arrived ripped almost in half, and the sender informed him that prior mail had been returned to her. (TAC ¶ 25.) Matthews further alleges that he did not timely receive a letter about a collections action in August 2016. (TAC ¶ 26.)

## DISCUSSION

### I.    STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of that party. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Where the record taken as a whole could not lead a rational trier of

fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted).

## II.    ANALYSIS

Defendants move for summary judgment on all claims in Matthews' third amended complaint.

### A.    First Amendment Retaliation Claims

Matthews alleges that Defendants interfered with his mail in 2015 and 2016 in retaliation for his filing of grievances relating to a January 2014 incident. (TAC ¶¶ 21-26.)

Prisoners have a First Amendment right to file grievances. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) ("It is well-established that . . . prisoners have a First Amendment right to file prison grievances."). Retaliation by prison officials against an individual in custody for using the grievance process violates the First Amendment. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) ("Of fundamental import to prisoners are their First Amendment 'right[s] to file prison grievances'. . . . And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield.") (citations omitted). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68.

Matthews' First Amendment retaliation claims fail for at least two reasons. First, he has not submitted any evidence to demonstrate that any defendant interfered with his mail in

retaliation for filing grievances. He alleges that he did not receive a response to his letter to the Oregon Supreme Court requesting copies of cases, or a response to his letter to another outside institution, but submits no evidence that either recipient actually sent a response to his correspondence. Matthews also alleges that he did not receive a few pieces of personal mail that he expected to receive over this two-year time period, but a few examples of lost mail over a two-year period is not particularly suspicious or evidence of a conspiracy. One letter arrived torn, but he could still read its contents. Another letter arrived late.[2] The few examples Matthews provides do not, without more, support a finding that Defendants were engaging in retaliatory or conspiratorial behavior here.

Second, the interference Matthews alleges here does not rise to the level of a constitutional violation because an occasional piece of lost or torn mail over an extended period of time is not sufficient to chill or silence an individual of ordinary firmness from future First Amendment activities. *See, e.g.*, *Harrison v. Milligan*, No. C 09-4665 SI (pr), 2010 WL 1957389, at *2-3 (N.D. Cal. May 14, 2010) (holding that alleged confiscation of "some of [the plaintiff's] incoming and outgoing mail" is not conduct "of sufficient severity that . . . would chill or silence a person or ordinary firmness from future First Amendment activities" (citing *Mendocino Env't. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300 (9th Cir. 1999))).

///

///

///

---

[2] To the extent Matthews alleges that other individuals in custody also experienced problems with lost mail (TAC ¶ 24), "[a] prisoner cannot bring claims on behalf of other prisoners" but instead "must allege a personal loss." *Meadows v. Reeves*, No. 1:11-cv-00257-LJO-JLT (PC), 2017 WL 1349227, at *10 (E.D. Cal. Mar. 24, 2017) (citation omitted).

PAGE 4 – OPINION AND ORDER

Based on the record before the Court, no reasonable juror could find that Defendants violated Matthews' First Amendment right to file grievances by interfering with his mail, and therefore the Court enters summary judgment for Defendants.[3]

B.    **Due Process Claims**

Matthews also asserts that Defendants' alleged interference with his mail violated his right to due process under the Fourteenth Amendment.

Individuals in custody have a "Fourteenth Amendment due process liberty interest in receiving notice that . . . incoming mail is being withheld by prison authorities." *Frost v. Symington,* 197 F.3d 348, 353 (9th Cir. 1999). This liberty interest is protected from "arbitrary government invasion" and any decision to censor or withhold delivery of mail "must be accompanied by minimum procedural safeguards." *Procunier v. Martinez*, 416 U.S. 396, 418-19 (1974) (noting that the following minimum procedures are required: (1) notifying the individual of the rejection of a letter; (2) allowing the author of the letter a reasonable opportunity to protest the decision; and (3) referring any complaints to a prison official other than the person who made the censorship decision), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989).

Matthews has not presented any evidence that Defendants censored or otherwise rejected any of his mail. Rather, he alleges that he did not receive a few pieces of mail he expected to

---

[3] To the extent Matthews asserts an access to courts claim with respect to the copies of cases he did not receive from the Oregon Supreme Court, or the declaration he did not receive from his friend, he has failed to demonstrate that his failure to receive these materials frustrated or impeded any specific nonfrivolous legal claim. *See, e.g., Canales-Robles v. Peters*, 270 F. Supp. 3d 1230, 1236 (D. Or. 2017) ("The doctrine of standing requires an inmate to allege an 'actual injury' due to interference with the inmate's right to access the courts. The 'actual injury' requirement means an inmate suing for denial of access to courts must allege that a 'nonfrivolous legal claim had been frustrated or was being impeded.'" (quoting *Lewis v. Casey*, 518 U.S. 343, 349-53 (1996))).

receive, one letter arrived torn, and one letter arrived late. Matthews has not alleged any process he was due, but did not receive, with respect to his lost, torn, or late mail. Accordingly, Defendants are entitled to judgment on Matthews' due process claims.[4] *Cf. Martin v. Basnett*, No. 17-cv-06263-YGR (PR), 2020 WL 4505565, at *11 (N.D. Cal. Aug. 5, 2020) (entering summary judgment for prison officials on the plaintiff's claim that prison officials improperly censored his mail where "the undisputed facts show that Plaintiff was afforded constitutionally adequate procedural due process in the withholding of the mail at issue").

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motion for summary judgment. (ECF No. 203.)

DATED this 2nd day of November, 2020.

Stacie F. Beckerman

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[4] In light of the Court's entry of summary judgment on the merits, the Court does not reach Defendants' alternative arguments.

PAGE 6 – OPINION AND ORDER